IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rosa Manigo, ) | C/A No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | NOTICE OF REMOVAL |
| Lowe's Home Centers, LLC, ) | |
| And Lowe's Store Manager John Doe ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by counsel, hereby removes Case No. 2021-CP-38-01330, from the Court of Common Pleas, County of Orangeburg, South Carolina, to the United States District Court for the District of South Carolina, Orangeburg Division, pursuant to §§ 1332, 1441 and 1446 of Title 28 of the United States Code.

1.    On November 18, 2021, Plaintiff filed a Complaint in the Orangeburg County Court of Common Pleas.

2.    Lowe's, a non-resident defendant, was first served with notice of this action with service of the Summons and Complaint on November 29, 2021, a true and correct copy of which is attached hereto as Exhibit A.

3.    Defendant Lowe's Store Manager John Doe, was not served in accordance with the South Carolina Rules of Civil Procedure. Service of the Summons and Complaint on defendant John Doe, was attempted by Plaintiff mailing a copy of the documents to Lowe's agent for service of process, at: "Lowe's Home Centers, LLC, c/o Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina, 29169".

2

4. The Complaint alleges that Plaintiff was a customer at the Lowe's store on 2896 North Road, Highway 178 in Orangeburg, South Carolina on November 22, 2019, when she was struck from behind by an overloaded pallet mover. *See*, Complaint, at ¶ 4. The Complaint further alleges that as a result of this incident, "Plaintiff(s) suffered serious injuries which required and will in the future cause her to endure great physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency". *See*, Complaint, at ¶ 8.

5. This Notice of Removal is timely, in accordance with 28 U.S.C. §1446(b)(1), because less than thirty (30) days have elapsed since receipt by Defendant Lowe's of the first pleading served on Defendant.

6. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Lowe's in said action is attached hereto as <u>Exhibit A</u>.

7. Venue for this removal action is proper pursuant to 28 U.S.C. §1441(a), because the original action was filed in Orangeburg County, South Carolina, which is within this District and Division, and the alleged incident on which the Plaintiff's claim is based occurred in this Division, at 2896 North Road, Highway 178 in Orangeburg, South Carolina (*See* Complaint, ¶¶ 3, 5, 6).

8. This is a civil action in which there is complete diversity of citizenship between Plaintiff, and Lowe's (the only defendant that has been served in this case). This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

9. The Plaintiff is a citizen of Orangeburg County, South Carolina. *See*, Complaint, at ¶ 1.

10. Defendant Lowe's Home Centers, LLC, is, and was, at the time of the filing of the Complaint, a foreign limited liability company whose sole member is a corporation incorporated in North Carolina with its principal place of business in North Carolina. *See*, Defendant's Answers to Local Rule 26.01 Interrogatories. Accordingly, Lowe's is not a citizen of South Carolina.

11. Defendant John Doe, has not been served as of the filing of this Removal. In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule. The rule provides that:

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought.

(Emphasis added). § 1441(b)(2). The forum-defendant rule does not prohibit a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state. The 5th Circuit Court of Appeals in, Texas Brine Co. v. American Arbitration Ass'n, 955 F.3d 482 (5th Cir. 2020) found that:

> The forum-defendant rule's procedural barrier to removal was irrelevant because the only defendant "properly joined and served," the AAA, was not a citizen of Louisiana, the forum state. *See* § 1441(b)(2). We agree with a comment made by the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019).

*Id.* at 486.

12. Plaintiff alleges that Plaintiff suffered severe bodily injuries for which she seeks actual and punitive damages. *See*, Complaint, at ¶¶ 8 and 11, and prayer for judgment.

13. The amount in controversy appears to exceed $75,000.00. (*See* Complaint, at ¶¶ 8, 11 and prayer for judgment). Plaintiff's Complaint contains no limitation of damages, and in fact

seeks actual damages as: "Plaintiff(s) suffered serious injuries which required and will in the future cause her to endure great physical pain, suffering, mental anguish, emotional distress, and impairment of health and bodily efficiency. These injuries have also caused her to be under the continued care of a doctor, incurring medical expenses as well as future medical expenses. Plaintiff(s) has suffered serious injuries, will experience future pain and suffering, and incur future medical bills." *See* Complaint, ¶ 8. In addition to these alleged actual damages, Plaintiff also seeks punitive damages. *See* Complaint, prayer for judgment.

14. Pursuant to 28 U.S.C. §1446(d), written notice of such filing will be given promptly to the Plaintiff by the undersigned counsel for Defendant, and copies of this Notice will be filed promptly with the Clerk of Court for Common Pleas for Orangeburg County, South Carolina.

15. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

WHEREFORE, because this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, removal of the above-styled case to this Court is appropriate.

BURR & FORMAN, LLP

s/Andrew G. Melling
Celeste T. Jones
ctjones@burr.com
Andrew G. Melling
amelling@burr.com
P.O. Box 11390
Columbia, South Carolina 29211
(803) 799-9800
(803) 753-3278 (Fax)

ATTORNEYS FOR DEFENDANT

Columbia, SC

December 29, 2021

4

46891296 v1